IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| WILLIE KEVIN WILLIAMS,<br>AIS 173816, | :<br>: |
| Petitioner, | : |
| vs. | :     CA 12-0693-KD-C |
| GARY HETZEL, | :<br>: |
| Respondent. | |

## REPORT AND RECOMMENDATION

Willie Kevin Williams filed a self-styled petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, in this Court on November 5, 2012. (Doc. 1.) This prisoner action has been referred to the undersigned, in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.2(c)(4), for appropriate action. For the reasons stated herein, it is recommended that the Court dismiss this action without prejudice based upon petitioner's failure to prosecute this action and comply with the Court's orders dated November 13, 2012 (Doc. 2) and December 3, 2012 (Doc. 4).

Because petitioner did not file his habeas corpus action on this Court's form for a petition under 28 U.S.C. § 2241 (*see* Doc. 1) and failed to pay the $5.00 filing fee or file a motion to proceed without prepayment of fees, this Court entered an order on November 13, 2012 instructing Williams to file the appropriate forms (Doc. 2). In that order, petitioner was informed that "[f]ailure to comply with this order within the prescribed time or to notify the Court of a change in address will result in the dismissal of this action without prejudice for failure to prosecute and to obey the Court's order."

(*Id*.) Based upon petitioner's request for an additional twenty-one (21) days to respond to the order dated November 13, 2012 (Doc. 3), the undersigned ordered Williams "to file his complaint on the correct habeas corpus form and a completed motion to proceed without prepayment of costs and fees not later than **December 21, 2012**." (Doc. 4.) To date, petitioner has not complied with this Court's orders instructing him to file his complaint on this Court's form and to file a completed motion to proceed without prepayment of costs and fees (or otherwise, pay the $5.00 filing fee). (*See* Docket Sheet.)

An action may be dismissed if the petitioner fails to prosecute it or if he fails to comply with any court order. Fed.R.Civ.P. 41(b); *see also Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-631, 82 S.Ct. 1386, 1388-1389, 8 L.Ed.2d 734 (1962) (holding district courts have the power to *sua sponte* dismiss a cause of action for failure to prosecute); *World Thrust Films, Inc. v. International Family Entertainment, Inc.*, 41 F.3d 1454, 1456 (11th Cir. 1995) ("'A district court has authority under Federal Rule[] of Civil Procedure 41(b) to dismiss actions for failure to comply with local rules.'").

In this case, petitioner has not responded to those portions of the Court's orders of November 13, 2012, and December 3, 2012, instructing him to file his complaint on this Court's form for a petition under 28 U.S.C. § 2241 and to file an *in forma pauperis* motion (or pay the $5.00 filing fee) not later than December 21, 2012. (*Compare* Docket Sheet *with* Docs. 2 & 4.) Therefore, it is recommended that the Court **DISMISS** Williams' habeas action pursuant to Fed.R.Civ.P. 41(b) due to his failure to prosecute this action by obeying this Court's lawful orders.

The instructions which follow the undersigned's signature contain information

regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 31st day of January, 2013.

                <u>  s/WILLIAM E. CASSADY                   </u>
                **UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.     *Objection*.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[1] after being served with a copy of the recommendation, unless a different time is established by order. The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection. The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made. It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.     *Transcript (applicable Where Proceedings Tape Recorded)*.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[1]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).

4